This morning is 15-1387 in Re Vi-Jon, Inc. This morning is 15-1387 in Re Vi-Jon, Inc. So it is Vi-Jon's position that the board committed legal error by ignoring its expert's declaration, the declaration of Dr. Bailey. The board dismissed of Dr. Bailey's entire sentence with no indication that it gave any consideration to his experience, knowledge as a person of skill in the art as they're required to do under KSR. And it really is harmful because if you follow the logic that Dr. Bailey lays out in his declaration, it becomes clear that the board's grounds for obviousness just do not hold water. So what did, it seemed to me that the factual support for the Bailey declaration didn't really add much because those arguments were duplicated by attorney argument so that at the end of the day, whether or not they attributed the argument to the Bailey declaration or the attorney, the board covered everything that had been submitted. Am I wrong about that? Well, the problem is that they treated the Bailey declaration like attorney argument without giving it the proper consideration of the expert evidence that it is. I mean it is entitled to standards of significant consideration. What aspect of the Bailey declaration shows non-obviousness? Well, so starting with the Janino reference. When you look to Janino, you see that the Janino describes combining methyl acetate with water and it stops there. With regard to methyl acetate, there's no discussion in Janino of adding yet another solvent to the methyl acetate and water. In fact, in Janino, it does talk about adding a third solvent to ethyl acetate but not the methyl acetate. So the lesson a person of skill in the art takes away from Janino is methyl acetate, water, you're done. Or in the alternative, what it shows is a biphasic solution, not a single phase solution. Either way, there's no indication, there's no teaching, there's no pathway from Janino for a person of skill in the art to combine methyl acetate with glycol ether. Dr. Bailey lays all that out, giving his impression of what Janino says to him as a person of skill in the art. There's no indication the board gave it any more weight than they did attorney argument, as they should have. They're not compelled to give it particular weight. Correct. Not compelled to give it weight but they're not allowed to ignore it. And I think it's clear that they did. They didn't ignore the substance of what he said, they dealt with it. I thought you just told us that they dealt with it but they just dealt with it as if it was attorney argument. You're drawing some distinction between whether or not they said this came from the Bailey declaration or this came from the attorney argument. What is that distinction? It's entitled to some consideration beyond just mere attorney argument. It can't be ignored and they did ignore it, even though they addressed it in that one sentence. They also addressed it in the rehearing. Not in its entirety though. They didn't follow his logic through why Janino and Pearlman don't guide you to the claimed composition. When you understand that the board simply ignored his testimony as a person of skill in the art and treated it only as attorney argument, it does become clear that the board's obvious analysis is really a true hindsight analysis using the 532 patent as a template. Because there's nothing in Janino and Pearlman that guides a person of skill in the art to the combination of methyl acetate and glycol ether. Like I said, Janino clearly talks about methyl acetate, water, stop. There's nothing for a person of skill in the art to go on there to add something else. They really did just kind of went out and cherry picked a reference, Pearlman, that includes glycol ether. In a classic way, just using the 532 claims to go out and find what they needed. Dr. Bailey did use his background knowledge when he analyzed Pearlman and realized that Pearlman is directed to non-volatile solutions, compositions, and that if one were to just for no reason add methyl acetate to that composition, because remember Pearlman doesn't mention methyl acetate at all. For no reason to add methyl acetate to that composition, you'd lose the benefits of the non-volatile composition that Pearlman is really all about. It sounds to me as though what you're arguing is that the board can't disagree with an expert declaration. They can't ignore it. It's clear from our reading of their decision that they did simply ignore it. It is akin, I think, to a case like Sullivan where the court mentioned the expert declarations in a footnote, indicated that they weren't going to grant it weight for a certain reason, but at the end of the day, they did go on and ignore it, which is what this court found. The same with Verzpicky. My recollection of Sullivan is that we held that they had rejected the declarations for an incorrect reason. They did, in a footnote. Then this court held that they were obligated to consider those declarations. They were obligated not to reject them for an incorrect reason. Well, you go to Verzpicky and the language is clear that they're obligated not to ignore it for whatever reason. Even if it is... There was no rejection here of the Bailey Declaration for an incorrect reason, was there? Ostensibly the reason they gave is that it was entirely based on his opinion and no other outside facts. First of all, even if that were true, that's not grounds for ignoring a declaration. It still must be considered. You keep on saying ignoring. I mean, what they said is his general opinion testimony is entirely based on the teachings in the reference and provides no factual-based evidence in addition to the teachings of the prior art itself. They're allowed to, therefore, give it less weight than they might otherwise do. You conclude that they ignored it. I think a fair conclusion is that because of what they said, they considered it but gave it less weight than you might wish they had given it to. Right. Well, it's probably always a fine line whether a piece of evidence is giving little or no weight or whether it's completely ignored. Well, I would think ignored means not referred to or not relied on. The determination clearly shows that both, they do refer to it, they do rely on the declaration to say we move on because this declaration does not help. Well, there have been other situations where the court is kind of given, respectfully I'll say lip service, or the board has given lip service. They addressed the arguments made that you want to call out of Bailey. They addressed those. You just think they should have addressed it from a different perspective since they addressed it as if it were an argument and they should have given deference to him because he's an expert. I don't understand. Yeah, they gave no explanation as to why his impressions of the prior art, given his status as an expert in the art, weren't impactful at all. Well, it does. It says that Bailey's opinion provides no factual based evidence in addition to the teachings of the prior art itself. So it found that the Bailey declaration basically went through the prior art and that was it. His opinion as an expert is itself evidence that must be considered. Another point is when they were, when the board addressed the Jerusalem reference for sodium acetate, that's at page 21 of the record, the court's, page 15 of the board's decision, they simply said, we are not persuaded that Jerusalem is not an analogous art for the limited purpose for which the examiner cites the reference. It's just, it's a conclusion they just reached themselves without any discussion of all, at all, of Dr. Bailey's impressions of Jerusalem. It's like a case like Rizvicki where they just, I think that's kind of a, it's an indication of how the board treated the Bailey declaration. This debate about whether or not they gave it no weight or whether they ignored it, I think that indicates that it was, they did completely ignore it inappropriately. I see that I'm into my rebuttal time, so thank you. May it please the court. The central theme of Vijon's appeal is that the board erred in its consideration of Dr. Bailey's declaration. The board did not, however, ignore Dr. Bailey's declaration. Rather, the board simply found the declaration unpersuasive, stating that the declaration lacked any factual evidence outside the teaching of the cited prior art to support Dr. Bailey's general opinion testimony. Unlike the cases Vijon cites, the board directly addressed each argument on which Dr. Bailey opined and rejected them on the merits as unsupported or contradicted by the cited prior art. This is true for each of the representative claims on appeal. For claim one, the board found, contrary to Dr. Bailey's opinion, that a person of skill in the art for numerous reasons would have expected to use the glycol ethers to form a single phase composition. Opposing counsel mentions Dr. Bailey's reference to Giannino and Perlman, but the board and the examiner, specifically the examiner, found that Giannino, in fact, taught a single phase composition, a homogenous composition, and that Perlman was not the primary reference relied on, rather that that was Gerima, which taught all the limitations except the buffer. For the representative claim three, the board found that Jurassic was reasonably pertinent for the purpose of teaching sodium acetate as a well-known pH buffer in the chemical arts. The board was simply not required to ignore the prior art and accept Dr. Bailey's opinion just because he said so. Unless there's any other questions, we ask that the board's opinion be affirmed. Thank you. Unless there's any questions, your honors, we'll rely on our briefs. Thank you. Thank you. Thank both parties. The case is submitted. That concludes our proceedings for this morning. All rise. The honorable court is adjourned until tomorrow morning at 10 o'clock a.m.